Charles Margett, J.
Application for an order reviewing the determination of the State Rent Administrator.
Petitioners are the owners of three large apartment projects in Astoria, Sunnyside and Woodside. Together they comprise 54 buildings containing 2,125 apartments and 9 stores. Petitioners sought rent increases on the ground that the net annual income yielded a return of less than 6% of the valuation of the property.
A prior proceeding to review respondent’s original determination resulted in an order remitting the matter to the respond *664 ent for reconsideration with respect to two issues. On such reconsideration the respondent modified his prior order and granted petitioners relief with respect to one of the issues involved, but adhered to his prior decision with respect to the other issue. That issue, which is the sole item in dispute between the parties, is whether petitioners are entitled to have a certain utility building included in the valuation base on which their 6% return is computed.
The utility building is a one-story and basement building-located across the street from the apartment buildings in Sunny-side. It contains the administrative offices, shops of the plumbers, carpenters, electricians and gardeners and is used for the storage of supplies and materials necessary for the maintenance of the 54 apartment buildings. Respondent has refused to include any part of the value of this utility building in fixing the valuation base, on the ground that it is not a housing accommodation. Respondent admits that two thirds of this building is used for the operation and maintenance of all 54 apartment buildings and has allowed two thirds of the expense of operating the. utility building.
Respondent argues that if the landlord rented a similar building* for utility purposes “ only those operating expenses incurred in the rented property occupied by the landlord which were applicable to the operation of the subject premises, would be allowed as an operating expense”. Respondent concedes on page 9 of his memorandum that he would consider the rent to be an operating expense in calculating the net earnings on the apartment houses. Under such circumstances there is no reason for denying a proper return on the value of such building in lieu of rent when it is owned by the landlord. Presumably any rent paid for the use of such premises would include a reasonable return to the owner thereof.
Respondent’s argument with respect to office space in downtown Manhattan used in connection with a housing project elsewhere is not convincing. The instant property is not in downtown Manhattan, but directly across the street from part of the property. It is conceded that if the utility space were located in the basement of one of the buildings it would be included in the over-all assessed valuation.
No fault is found with respondent for reviewing- the matter de nova and not considering* the court’s remission as a mandate to find in a particular manner. It was not intended to be a mandate. Quite properly, respondent on reconsideration rendered the decision that he thought was correct. This court, how *665 ever, is of the opinion that under the circumstances here presented the failure to include the utility building in the valuation base is unfair, unwarranted and arbitrary. The application is granted.